CYRUS ZAL, SBN: 102415
CYRUS ZAL, A PROFESSIONAL CORPORATION
102 Mainsail Court
Folsom, CA  95630
Telephone:   (916) 985-3576
Fax:              (916) 985-4893
Email:          czal47@comcast.net

Attorney for Plaintiffs DEREK L. BLUFORD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK L. BLUFORD, | **CASE NO:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR** |
| v. | **1. BREACH OF CONTRACT;** |
| | **2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;** |
| BMW OF SALEM; SANTANDER CONSUMER USA, INC.; and DOES 1 to 100, | **3. NEGLIGENCE; AND** |
| | **4. DEFAMATION TO CREDIT** |
| Defendants. | **TRIAL BY JURY REQUESTED** |

1

Plaintiff DEREK L. BLUFORD alleges as follows:

1.     **JURISDICTION.**   Plaintiffs bring this action pursuant to 28 U.S.C. §1332(a) (1), which establishes federal court jurisdiction in cases where the amount in controversy exceeds $75,000 (Seventy-Five Thousand Dollars) and where there is complete diversity of citizenship between each Plaintiff and each Defendant. The amount in controversy in the instant action exceeds $75,000 and there is complete diversity of citizenship between Plaintiff DEREK L. BLUFORD and Defendants BMW OF SALEM and SANTANDER CONSUMER USA, INC., as set forth in detail below.

2.     **Jurisdiction** is conferred on this Court by 28 U.S.C. §1332(a) (1) in cases of complete diversity of citizenship between each Plaintiff and each Defendant and where the amount in controversy exceeds $75,000 (Seventy-Five Thousand Dollars).

3.     **INTRADISTRICT ASSIGNMENT.**  Venue properly lies in the Eastern District of California, pursuant to 28 U.S.C. §§1391 and 1392, in that the events and circumstances herein alleged occurred in the County of Sacramento, California, and Defendants entered into a contract with Plaintiff in the County of Sacramento, California.

4.     At all times mentioned herein, Plaintiff Derek L. Bluford was, and is, a natural person and a resident of the County of Sacramento, State of California. The residence address of Plaintiff Bluford is 102 Mainsail Court, Folsom, CA 95630.

5.     At all times mentioned herein, Defendant BMW OF SALEM (hereinafter "Defendant BMW") was, and is, a business entity, form unknown, and a citizen of the

State of Oregon, whose address in the State of Oregon is 1151 Van Ness Avenue NE, Salem, OR 97301. Defendant BMW is an automobile dealership selling new and used vehicles. Attached as Exhibit 1 to this Complaint is a true and correct copy of the home page on the internet website of Defendant BMW showing the address of Defendant BMW to be in the State of Oregon as stated above.

6. At all times mentioned herein, Defendant SANTANDER CONSUMER USA, INC. (hereinafter "Defendant Santander") was, and is, a corporation and is a citizen of the State of Texas. The 2017 Statement of Information filed by Defendant Santander with the California Secretary of State states that the principal office of Defendant Santander is located in the State of Texas at 1601 Elm Street, Suite 800, Dallas TX 75201. A true and correct copy of the 2017 Statement of Information filed by Defendant Santander is attached to this Complaint as Exhibit 2, showing the principal office of Defendant Santander to be in the State of Texas at the address stated above.

7. The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend the Complaint by inserting said true names and capacities in place of said fictitious names and capacities. Plaintiff is informed and believes and thereon alleges that DOES 1 through 100, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to

the injuries and damages to Plaintiff which are hereinafter alleged. Whenever in this Complaint any Defendant is the subject of any charging allegation by Plaintiff, it shall be deemed that said Defendants DOES 1 through 100 are likewise the subject of said charging allegation.

8. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that Defendants, including the DOE Defendants, were agents and employees of each other and in doing the acts alleged herein were acting within the course and scope of that agency and employment. At all times relevant herein, each of the Defendants, including the DOE Defendants, was the agent, servant, partner, officer, director, or employee of each of the remaining Defendants and was doing the acts herein complained of within the scope of his/her/its agency and employment.

**FIRST CLAIM FOR BREACH OF CONTRACT**
**[Against Defendants BMW OF SALEM and SANTANDER]**

9. Plaintiff Bluford hereby re-alleges paragraphs 1 through 8, and incorporates them herein as though set forth in full.

10. On or about December 23, 2015, Plaintiff Bluford entered into a written contract with Defendant BMW entitled "Retail Installment Contract" (hereinafter "the Contract"). A true and correct copy of the Contract is attached to this Complaint as Exhibit 3. The Contract was for the purchase by Plaintiff Bluford from Defendant BMW the following motor vehicle: 2009 Audi R8 4.2 Quattro, Vehicle Identification Number WUAAU34279000716 (hereinafter "the Audi").

11. Among its various terms and conditions, the Contract had the following statement on it: "NOTICE: The Creditor/Seller intends to sell this contract to (name and mailing address): <u>SANTANDER CONSUMER USA     PO BOX 961288        FORT WORTH   TX   76161</u>, which if it buys the contract, will become the owner of the contract and your creditor." Subsequently, Defendant BMW did sell the Contract to Defendant Santander, and Defendant Santander became the owner and the creditor of the Contract. However, Defendant BMW remained liable on the Contract because Plaintiff Bluford never released Defendant BMW from the Contract. Thus, both Defendant Santander and Defendant BMW are liable to Plaintiff Bluford with respect to the breach of the Contract.

12. Plaintiff Bluford has performed all the conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Contract, except those obligations that Plaintiff Bluford was prevented or excused from performing.

13. Defendants Santander R and BMW have breached the Contract by failing and refusing to perform their obligations under the Contract as follows: it was the obligation and duty of said Defendants under the Contract to send the appropriate paperwork for Plaintiff Bluford's purchase of the Audi to the California Department of Motor Vehicles ("DMV") so that the Audi could be registered in Plaintiff Bluford's name and permanent licensed plates could be issued by the DMV to Plaintiff Bluford, whose residence was, and is, in the State of California. Defendants Santander and BMW, and each of them, unreasonably and negligently failed to send the appropriate paperwork to the DMV, and as a result of Defendants Santander and BMW's failure to send the appropriate paperwork to the DMV, the Audi was not registered in the name of Plaintiff Bluford for a period of

approximately 11 months, and permanent license plates were not issued to Plaintiff Bluford for the same period of 11 months.

14. As a direct and proximate result of Defendants Santander and BMW's breach of the Contract as set forth in Paragraph 13 above, the following events occurred: Sometime after March 31, 2016 and during the approximate 11-month period during which the Audi was not registered in Plaintiff Bluford's name, police officers in the County of Los Angeles, California, stopped Plaintiff Bluford while he was driving the Audi, and because of the discrepancy of the license plate that was on Audi, the police officers pulled Plaintiff Bluford out of the Audi at gunpoint and handcuffed him. The police officers informed Plaintiff Bluford that the reason they stopped him was because there was a current problem in the area with license plates being stolen from vehicles, and the police thought Plaintiff Bluford had a stolen license plate on the Audi. After the police reviewed all of the Audi's paperwork that Plaintiff Bluford provided to them, which showed that the Audi had been legitimately purchased by Plaintiff Bluford, the police apologized to Plaintiff Bluford and told him that he should take care of the registration issue as soon as possible and also told him not to drive the Audi any more until it had been properly registered. The police also took possession of the license plates that were on the Audi and the Audi was towed away because it had no license plates and the police had prohibited Plaintiff Bluford from driving the Audi.

15. Sometime after March 31, 2016 and during the approximate 11-month period during which the Audi was not registered in Plaintiff Bluford's name, Plaintiff Bluford suffered the following damages legally and proximately caused by Defendants

Santander and BMW's breach of the contract as set forth in paragraphs 13 and 14 above: During the 11 months when the Audi was not registered properly, Plaintiff Bluford was still making the monthly payments to Defendant Santander, and Plaintiff Bluford paid a total of $14,300 in monthly payments on the loan during the time that the Audi had not yet been registered properly and could not legally be driven. In addition, Plaintiff Bluford paid monthly liability insurance on the Audi, totaling $6,050 for the 11 months that the Audi was not properly registered and could not legally be driven. Further, Plaintiff Bluford had to pay $1,100 to renew the registration for 2016, even though he was unable to use the Audi for 11 out of the 12 months of 2016. Further, Plaintiff Bluford had to pay $500 to retrieve his vehicle after it had been towed after he had been stopped by the police in Los Angeles County and pulled out of the Audi at gunpoint. The foregoing damages total $21,950, which does not include further and other damages suffered by Plaintiff Bluford as set forth below.

16. Plaintiff Bluford suffered further damages legally and proximately caused by Defendants Santander and BMW's breach of the Contract as set forth in paragraphs 13 and 14 above as follows: Plaintiff Bluford suffered severe emotional distress and severe emotional damages, and severe mental trauma and severe mental distress, as a result of being pulled out of the Audi at gunpoint by police officers in Los Angeles County. The amount of these particular emotional and mental damages will be established by proof at trial, but the minimum amount of the emotional and mental damages suffered by Plaintiff Bluford is no less than $500,000 (Five Hundred Thousand Dollars).

7

17. Wherefore Plaintiff Bluford prays for judgment against Defendants Santander and BMW as set forth below.

## SECOND CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### [Against Defendants BMW OF SALEM and SANTANDER]

18. Plaintiff Bluford hereby re-alleges paragraphs 1 through 17, and incorporates them herein as though set forth in full.

19. Defendant Santander breached the implied covenant of good faith and fair dealing with respect to the Contract with Plaintiff Bluford as follows: after Plaintiff Bluford, through his undersigned counsel, made a demand on Defendant Santander for payment of damages caused by Defendant Santander by said Defendant's failure and refusal to perform its obligations under the Contract by failing and refusing to send the appropriate paperwork to the California DMV so that the Audi could be registered in Plaintiff Bluford's name and be issued permanent license plates, Defendant Santander illegally, unlawfully and wrongfully blocked Plaintiff Bluford from accessing the Santander website on which Plaintiff Bluford could make the monthly installment payments on the Audi, and Plaintiff Bluford was unable to make further payments for the Santander loan on the Audi because Defendant Santander had blocked him from the Santander account. In addition, Plaintiff Bluford had been further informed in a telephone conversation by a representative of Defendant Santander that Defendant Santander was not accepting any payments from Plaintiff Bluford with respect to the loan to Plaintiff Bluford. As a result of the foregoing events and circumstances, Plaintiff

8

Bluford could not make, and was prevented from, making any further payments on the Santander loan for the Audi. The blocking of Plaintiff Bluford's Santander account, and Defendant Santander's wrongful and illegal refusal to accept further payments on Plaintiff Bluford's Santander loan account, occurred in approximately March of 2017. Thereafter, in or about March of 2017, Defendant Santander further breached the implied covenant of good faith and fair dealing implied in the Contract with Plaintiff Bluford by illegally, unlawfully and wrongfully making a statement on Plaintiff Bluford's credit report that Plaintiff Bluford's Santander account had been "Discharged", meaning that the loan was essentially uncollectible, which resulted in an extremely negative notation of "Discharged" on Plaintiff Bluford's credit report. Thus, while Defendant Santander prevented Plaintiff Bluford from making any further payments on the Santander loan, at the same time Defendant Santander issued a very negative notation of "Discharged" on Plaintiff Bluford's credit report, thus severely damaging the credit score of Plaintiff Bluford and severely damaging Plaintiff Bluford's ability to obtain credit for the business that he was involved in. This negative report of "Discharged" wrongfully made by Defendant Santander continues to harm Plaintiff Bluford in his reputation and continues to harm Plaintiff Bluford's in his current business endeavors.

20.     Plaintiff Bluford suffered the following damages legally and proximately caused by Defendant Santander's breach of the implied covenant of good faith and fair dealing of its Contract with Plaintiff Bluford as set forth in paragraph 19 above: Plaintiff Bluford's credit score has been considerably damaged and drastically lowered due to

Defendant Santander's bad faith blocking of Plaintiff Bluford's ability to make further payments on the Santander loan, and Defendant Santander has wrongfully defamed Plaintiff Bluford with the negative notation of "Discharged" on Plaintiff Bluford's credit report. The general and consequential damages suffered by Plaintiff Bluford as a result of Defendant Santander's bad faith breach of the covenant of good faith and fair dealing as described above is an amount to be established by proof at trial, but these damages are in an amount of no less than $1,000,000 (One Million Dollars).

21.     Defendant BMW breached the implied covenant of good faith and fair dealing of the Contract with Plaintiff Bluford as follows: after Plaintiff Bluford made a claim against Defendant BMW for Defendant BMW's gross misrepresentations about the Audi that Plaintiff Bluford had purchased, Plaintiff Bluford complained to higher management in Defendant BMW, and Plaintiff Bluford eventually received a $4,500 settlement in March of 2015 from Defendant BMW for its gross misrepresentations regarding the Audi it had sold to Plaintiff Bluford. After Plaintiff Bluford had received the settlement amount of $4,500 in March of 2015, Plaintiff Bluford had a telephone conversation with a sales manager of Defendant BMW, and the sales manager informed Plaintiff Bluford that Defendant BMW would not cooperate in registering the Audi in Plaintiff Bluford's name because Plaintiff Bluford had gone to higher management with his complaint against Defendant BMW. This statement and conduct by a sales manager of Defendant BMW breached the implied convent of good faith and fair dealing of the Contract with Plaintiff Bluford, and following that conversation in approximately March of 2015, Defendant BMW did in fact and in bad faith refuse to cooperate and to

take the necessary steps to provide the appropriate paper work to the California DMV so that Plaintiff Bluford could have the Audi registered in his own name and be issued permanent license plates for the Audi.

22.  Plaintiff Bluford has suffered the following damages legally and proximately caused by Defendant BMW's breach of the implied convent of good faith and fair dealing of the Contract as follows: During the 11 months when the Audi was not registered properly, Plaintiff Bluford was still making the monthly payments to Defendant Santander and Plaintiff Bluford paid a total of $14,300 in monthly payments on the loan during the time that the Audi had not yet been registered properly and could not legally be driven. In addition, Plaintiff Bluford paid monthly liability insurance on the Audi, totaling $6,050 for the 11 months that the Audi was not properly registered and could not legally be driven. Further, Plaintiff Bluford had to pay $1,100 to renew the registration for 2016, even though he was unable to use the Audi for 11 out of the 12 months of 2016. Further, Plaintiff Bluford had to pay $500 to retrieve his vehicle after it had been towed after he had been stopped by the police in Los Angeles County and pulled out of the Audi at gunpoint. The foregoing damages total $21,950, which does not include further and other damages suffered by Plaintiff Bluford as stated elsewhere in this Complaint and as follows: Plaintiff Bluford suffered severe emotional distress and severe emotional damages, and severe mental trauma and severe mental distress, as a result of being pulled out of the Audi at gunpoint by police officers in Los Angeles County. The amount of these particular emotional and mental damages will be

established by proof at trial, but these damages are in an amount of no less than $500,000 (Five Hundred Thousand Dollars).

23. The conduct of Defendant Santander as described in paragraphs 19 and 20 above was willful, wanton, malicious and one with an evil motive and intent and a reckless disregard for the rights of Plaintiff Bluford, and therefore warrants the imposition of exemplary and punitive damages against Defendant Santander in an amount to be established by proof at trial.

24. The conduct of Defendant BMW as described in paragraphs 21 and 22 above was willful, wanton, malicious and one with an evil motive and intent and a reckless disregard for the rights of Plaintiff Bluford, and therefore warrants the imposition of exemplary and punitive damages against Defendant BMW in an amount to be established by proof at trial.

25. Wherefore, Plaintiff Bluford prays for judgment against Defendants Santander and BMW as set forth below.

### THIRD CLAIM FOR NEGLIGENCE

### [Against Defendants BMW OF SALEM and SANTANDER]

26. Plaintiff Bluford hereby re-alleges paragraphs 1 through 25, and incorporates them herein as though set forth in full.

27. Under the Contract that Plaintiff Bluford had with Defendants Santander and BMW, Plaintiff Bluford had the right to have said Defendants properly process the paperwork with the California DMV so that the Audi could be registered in Plaintiff Bluford's name and permanent license plates could be issued for the Audi.

28. Defendants Santander and BMW had a legal duty to Plaintiff Bluford, including a duty of care to Plaintiff Bluford, to reasonably process the paperwork for the Audi with the California DMV so that the Audi could be registered in Plaintiff Bluford's name and the Audi could be issued permanent license plates. Defendants Santander and BMW violated their legal duty of care to Plaintiff Bluford by failing to abide by their contractual obligations in that said defendants failed and/or refused to process the appropriate paperwork with the California DMV, and those actions and/or inactions of said Defendants fell below the standard of care they owed to Plaintiff Bluford with respect to Plaintiff Bluford's purchase and financing of the Audi.

29. As a direct and proximate result of Defendant Santander and BMW's misconduct and negligence as set forth above in paragraphs 27 and 28, Plaintiff Bluford has suffered the following damages: During the 11 months when the Audi was not registered properly, Plaintiff Bluford was still making the monthly payments to Defendant Santander and Plaintiff Bluford paid a total of $14,300 in monthly payments on the loan during the time that the Audi had not yet been registered properly and could not legally be driven. In addition, Plaintiff Bluford paid monthly liability insurance on the Audi, totaling $6,050 for the 11 months that the Audi was not properly registered and could not legally be driven. Further, Plaintiff Bluford had to pay $1,100 to renew the registration for 2016, even though he was unable to use the Audi for 11 out of the 12 months of 2016. Further, Plaintiff Bluford had to pay $500 to retrieve his vehicle after it had been towed after he had been stopped by the police in Los Angeles County and pulled out of the Audi at gunpoint. The foregoing damages total $21,950, which does

not include further and other damages suffered by Plaintiff Bluford as stated elsewhere in this Complaint and as follows: Plaintiff Bluford suffered severe emotional distress and severe emotional damages, and severe mental trauma and severe mental distress, as a result of being pulled out of the Audi at gunpoint by police officers in Los Angeles County. The amount of these particular emotional and mental damages will be established by proof at trial, but these damages are in an amount of no less than $500,000 (Five Hundred Thousand Dollars).

30. Wherefore, Plaintiff Bluford prays for judgment against Defendants Santander and BMW as set forth below.

## FOURTH CLAIM FOR DEFAMATION TO CREDIT

### [Against Defendant SANTANDER]

31. Plaintiff Bluford hereby re-alleges paragraphs 1 through 30, and incorporates them herein as though set forth in full.

32. California Civil Code §44 states that defamation is effected by either libel or slander, and California Civil Code §45 defines libel as follows: "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."

33. Pursuant to California Civil Code §44 and §45, Defendant Santander has defamed Plaintiff Bluford and has committed libel with respect to Plaintiff Bluford as follows: after Plaintiff Bluford, through his undersigned counsel, made a demand on

Defendant Santander for payment of damages caused by Defendant Santander by said Defendant's failure and refusal to perform its obligations under the Contract by failing and refusing to send the appropriate paperwork to the California DMV so that the Audi could be registered in Plaintiff Bluford's name and be issued permanent license plates, Defendant Santander illegally, unlawfully and wrongfully blocked Plaintiff Bluford from accessing the Santander website on which Plaintiff Bluford could make the monthly installment payments on the Audi, and Plaintiff Bluford was unable to make further payments for the Santander loan on the Audi because Defendant Santander had blocked him from the Santander account. In addition, Plaintiff Bluford had been further informed in a telephone conversation by a representative of Defendant Santander that Defendant Santander was not accepting any payments from Plaintiff Bluford with respect to the loan to Plaintiff Bluford. As a result of the foregoing events and circumstances, Plaintiff Bluford could not make, and was prevented from making, by Defendant Santander any further payments on the Santander loan for the Audi. The blocking of Plaintiff Bluford's Santander account, and Defendant Santander's wrongful and illegal refusal to accept further payments on Plaintiff Bluford's Santander loan account, occurred in approximately March of 2017. Thereafter, in or about March of 2017, Defendant Santander defamed and libeled Plaintiff Bluford by illegally, unlawfully and wrongfully making a false and unprivileged written statement on Plaintiff Bluford's credit report that Plaintiff Bluford's Santander account had been "Discharged", meaning that the loan was essentially uncollectible and that Plaintiff Bluford had defaulted on the Santander loan, which resulted in an extremely negative

written notation of "Discharged" on Plaintiff Bluford's credit report. Thus, while Defendant Santander prevented Plaintiff Bluford from making any further payments on the Santander loan, at the same time Defendant Santander issued a false and very negative written notation of "Discharged" on Plaintiff Bluford's credit report, thus severely damaging the credit score of Plaintiff Bluford and severely damaging Plaintiff Bluford's ability to obtain credit for the business that he was involved in. This negative report of "Discharged" wrongfully made by Defendant Santander continues to injure and harm Plaintiff Bluford in his reputation, and continues to injure and harm Plaintiff Bluford in his current business endeavors.

34. Plaintiff Bluford has suffered the following damages legally and proximately caused by Defendant Santander's libel of Plaintiff Bluford as set forth in paragraph 33 above: Plaintiff Bluford's credit score has been considerably damaged and drastically lowered due to Defendant Santander's libel by issuing the false and extremely negative written notation of "Discharged" on Plaintiff Bluford's credit report. The general and consequential damages suffered by Plaintiff Bluford as a result of Defendant Santander's libel as described above is an amount to be established by proof at trial, but these damages are in an amount of no less than $1,000,000 (One Million Dollars).

35. The conduct of Defendant Santander as described in paragraph 33 above was willful, wanton, malicious and one with an evil motive and intent and a reckless disregard for the rights of Plaintiff Bluford, and therefore warrants the imposition of

exemplary and punitive damages against Defendant Santander in an amount to be established by proof at trial.

36. Wherefore, Plaintiff Bluford prays for judgment against Defendant Santander as set forth below.

## TRIAL BY JURY REQUESTED

Plaintiffs request a trial by jury in this matter for each and every cause of action alleged above.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

### FIRST CLAIM FOR BREACH OF CONTRACT
**[Against Defendants BMW of Salem and Santander Consumer USA, Inc.]**

1. For general and compensatory damages in the minimum amount of $500,00;

2. For special and consequential damages in the amount of $21,950;

3. For costs of suit incurred; and

4. For such other and further relief that the Court deems just and proper.

### SECOND CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
**[Against Defendants of Salem and Santander Consumer USA, Inc.]**

5. For general and compensatory damages in the minimum amount of

$500,000;

6. For special and consequential damages in the amount of $21,950;

7. For exemplary and punitive damages in an amount to be determined by proof at trial;

8. For costs of suit incurred; and

9. For such other and further relief that the Court deems just and proper.

## THIRD CLAIM FOR NEGLIGENCE
### [Against Defendants BMW of Salem and Santander Consumer USA, Inc.]

10. For general and compensatory damages in the minimum amount of $500,000;

11. For special and consequential damages in the amount of $21,950;

12. For costs of suit incurred; and

13. For such other and further relief that the Court deems just and proper.

## FOURTH CLAIM FOR DEFAMATION TO CREDIT
### [Against Defendant Santander Consumer USA, Inc.]

14. For general and compensatory damages in the minimum amount of $1,000,000;

15. For exemplary and punitive damages in an amount to be determined by proof at trial;

18. For costs of suit incurred; and

19. For such other and further relief that the Court deems just and proper.

|   |   |
|---|---|
|   | Cyrus Zal, A Professional Corporation |

DATED: February 9, 2018  By: ___/Cyrus Zal/_____
                                CYRUS ZAL, Attorney for Plaintiff
                                DEREK L. BLUFORD